(R.D. 11612)

BUD BERMAN SPORTSWEAR, INC. *v*. UNITED STATES

Entry No. 838426, etc.

(Decided December 31, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.

*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement listed on schedule A, annexed to this decision and made a part hereof, have been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court as follows:

1) That the merchandise the subject of the appeals for reappraisement enumerated on Schedule "A" hereto attached and made a part hereof consists of certain wearing apparel exported from Hong Kong.

2) That the merchandise was entered, or withdrawn from warehouse, for consumption subsequent to the effective date of Section 6(a) of the Customs Simplification Act of 1956; that the merchandise is not described on the Final List (T.D. 54521) published by the Secretary of the Treasury pursuant thereto.

3) That the merchandise was appraised under statutory export value, Section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956; that neither party challenges the said basis of appraisement.

4) That the facts, merchandise and the issues are similar in all material respects to those involved in *United States* v. *Bud Berman*

*Sportswear, Inc.,* C.A.D. 929, and that the record in the said cited case may be incorporated in the records of the appeals enumerated on said Schedule "A".

5)   That on or about the dates of exportation, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, were the invoice unit ex-factory prices, net packed.

6)   That the appeals enumerated in said Schedule "A" may be submitted for decision upon this stipulation and the incorporated record.

Upon the agreed statement of facts and the cited authority, I find export value as that value is defined in section 402(b) of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the wearing apparel exported from Hong Kong here involved, and that such prices were the invoice unit ex-factory prices, net packed.

Judgment will be entered accordingly.